**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4786**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

ERIC CONYERS,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge. (3:07-cr-0057-FDW-1)

_____

Submitted:  May 26, 2011             Decided:  May 31, 2011

_____

Before KING, SHEDD, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Harold M. Vaught, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Conyers appeals the district court's judgment revoking his supervised release and imposing an 11-month term of imprisonment. Conyers' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal but questions the validity of Conyers' sentence because the original indictment failed to specify a drug quantity. Although advised of his right to file a pro se supplemental brief, Conyers has not done so. Finding no error, we affirm.

Conyers pled guilty in 1994 to possession with intent to distribute heroin, 21 U.S.C. §§ 841(a)(1), 846 (2006) and was sentenced to 151 months imprisonment, followed by five years of supervised release. Conyers' term of supervised release originally began in 2005; however, his supervised release was revoked in 2007 and he was sentenced to 37 months imprisonment. Conyers again began a term of supervised release in December 2009.

Conyers' supervised release was revoked a second time, based on admitted violations of the terms of his supervision, and he was sentenced to 11 months imprisonment. On appeal, Conyers argues that, because the underlying indictment failed to specify a drug quantity, the term of incarceration the district court imposed exceeds the maximum of two years' imprisonment

2

authorized for violations of a term of supervised release imposed as punishment for a Class C felony. See Apprendi v. New Jersey, 530 U.S. 466 (2000). Conyers raised the same argument in his prior appeal challenging the first revocation of supervised release. Again, we reject this claim. See United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (noting that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case").

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Conyers' sentence. This court requires that counsel inform Conyers, in writing, of his right to petition the Supreme Court of the United States for further review. If Conyers requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Conyers. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED